# EXHIBIT A

| Approved, SCAO | Original - Court | 2nd copy - Plaintiff |
| --- | --- | --- |
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
| --- | --- | --- |
| 36th JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | SUMMONS AND COMPLAINT | 15-065-489-NO D |

**Court address:** 212 East Paw Paw Street, Paw Paw, MI 49079

**Court telephone no.:** 269-657-8218

**Plaintiff's name(s), address(es) and telephone no(s).:**
JODI MARCHEWITZ, as Next Friend of ALEXANDRA MARCHEWITZ, a minor

v

**Defendant's name(s), addresses(es), and telephone no(s).:**
CAMPGROUP, LLC, d/b/a THE GLEN AT LAKE OF THE WOODS CAMP FOR GIRLS and CAMPGROUP LLC, d/b/a THE GROVE AT LAKE OF THE WOODS CAMP FOR BOYS, Resident Agent: Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703

**Plaintiff's attorney, bar no., address, and telephone no.:**
VEN R. JOHNSON (P39219)
BRIAN A. MOLDE (P63790)
JOHNSON LAW, PLC
99 Monroe NW, Suite 975
Grand Rapids, MI 49503
616-235-9400

**SUMMONS** — NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

**Issued:** 8-11-75   **This summons expires:** 11-4-75   **Court clerk:** Tina Leary

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** [Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.]

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

**VENUE**

**Plaintiff(s) residence (include city, township, or village):** Van Buren County, MI

**Defendant(s) residence (include city, township, or village):** Van Buren County, MI

**Place where action arose or business conducted:** Van Buren County, MI

**Date:** July 31, 2015

**Signature of attorney/plaintiff:** Brian A. Molde (P63790)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**     MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| SUMMONS AND COMPLAINT |
|---|
| Case No. |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                 Date

My commission expires: _____ Signature: _____
                     Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                                         Attachments

_____ on _____
                                                    Day, date, time

on behalf of _____

Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

JODI MARCHEWITZ, as Next Friend
of ALEXANDRA MARCHEWITZ, a minor,

    Plaintiff,

v

CAMPGROUP, LLC, d/b/a THE GLEN AT LAKE
OF THE WOODS CAMP FOR GIRLS, and
CAMPGROUP, LLC, d/b/a THE GROVE AT
LAKE OF THE WOODS CAMP FOR BOYS,

    Defendants.

Case No. 15-0105-484 - NO

HON. David J DiStefano

---

VEN R. JOHNSON (P39219)
BRIAN A. MOLDE (P63790)
Attorneys for Plaintiff
99 Monroe Avenue, Suite 975
Grand Rapids, Michigan 49503
(616) 235-9400/Fax: 9444
vjohnson@venjohnsonlaw.com
vmarks@venjohnsonlaw.com

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending civil action arising out
of the transaction or occurrence alleged in this Complaint

_____
BRIAN A. MOLDE (P63790)

Plaintiff, Mrs. Jodi Marchewitz, as Next Friend of Alexandra Marchewitz, a minor, by and through her attorneys, JOHNSON LAW, PLC, for her Complaint against the defendants named herein, states as follows:

1. At all times relevant to this lawsuit, Plaintiff, Mrs. Jodi Marchewitz ("Jodi"), was the mother and Next Friend of minor Alexandra Marchewitz ("Ally"), who resided in the city of Pepper Pike, County of Cuyahoga and State of Ohio.

2. At all times relevant to this lawsuit, Defendant Campgroup LLC ("Campgroup") was a New York Corporation, doing business in Illinois and Michigan as The Glen at Lake of the Woods Camp for Girls ("Glen"), and had its principal place of business located at 650 Vernon Ave, Number 202, Glencoe, IL 60022.

3. At all times relevant to this lawsuit, Defendant Campgroup LLC ("Campgroup") was a New York Corporation, doing business in Illinois and Michigan as The Grove at Lake of the Woods Camp for Boys ("Grove"), and had its principal place of business located at 650 Vernon Ave, Number 202, Glencoe, IL 60022.

4. This matter involves a dispute between citizens of different states as well as corporations operating in different states and therefore jurisdiction is proper in this Court pursuant to diversity and USC §1332(a)(1).

5. The amount in controversy exceeds $25,000.00, exclusive of costs, interest, and attorney fees.

6. In the fall of 2012, Ally was accepted as a camper at Glen for the summer of 2013.

7. The camp is located at 85346 47 ½ St, Decatur, MI 49045, in Van Buren County.

8. At all times relevant to this lawsuit, Ally was a business invitee on Glen's and Grove's and/or Campgroup LLC's premises and attended the camp's two-week summer camp for girls.

9. On June 17, 2013, Ally attended her first day at the camp.

10. The Glen and The Grove offered and advertised a number of available activities, including tubing, rock climbing, sailing, team sports activities, games, and activities.

11. On June 22, 2013, Ally was tubing on the lake at the camp.

2

12. The motor boat was operated by counselors at the camp and/or counselors at the companion camp for boys, The Grove at Lake of the Woods Camp for Boys, named Joe Pullin or Kyle Sweet.

13. At all times relevant to this lawsuit, Pullin and/or Sweet, who operated the boat which pulled the inner tube, were in the course and scope of their employment and/or agency with Glen and/or Hardin.

14. During Ally's inner tube ride, Pullin and/or Sweet drove the boat recklessly and negligently, and without due regard for Ally's safety.

15. At one point during the ride, Ally was thrown from the tube into the air due to excessive speed of the boat, and she crash landed into the lake and violently struck her head.

16. Pullin and/or Sweet stopped the boat and put Ally back on the inner tube and started her on a second inner tube ride.

17. When Ally reached the shore, her counselor from the camp, Alix Levinson, asked Ally if she was alright because Ally looked dazed and confused.

18. Ally failed a memory test given to her by Alix, which was clearly indicative of a concussion/brain injury.

19. Alix then took Ally to the nurse for medical care and treatment.

20. The nurse gave Ally Tylenol and water.

21. The next day, June 23, 2013, Ally returned to the nurse and reported a headache, for which she was given Motrin.

22. The next day, June 24, 2013, Ally returned to the nurse and again reported a headache, for which she was given Motrin and told to drink water.

23. During this visit, for the first time, Ally was told by the nurse that she did not have a concussion.

3

24. Later that day, Ally was struck in the head by the boom of a sailboat.

25. Ally felt dizzy and had vision disturbances, so she returned to the nurse at the camp.

26. Ally reported to her camp counselors, including but not limited to Alix Levinson, Hayley Arenson, Rachael Grove, and Hannah Goodbar, that she had headaches, blurred vision, and dizziness, but none of the counselors reported this to the camp directors or the medical staff, much less Ally's parents.

27. In addition to failing to report Ally's complaints, the counselors at the camp failed to restrict her activities, failed to monitor her condition, and failed to guard her against further injury during her time at the camp.

28. At all times relevant to this lawsuit, her counselors, including but not limited to Hayley Arenson, Rachael Grove, Alix Levinson, and Hannah Goodbar, were acting in the scope and course of their employment with Campgroup and/or The Glen and/or The Grove, and these defendants are liable for the actions of the counselors pursuant to the doctrine of *respondeat superior* and vicarious liability.

29. On June 29, 2013, Ally's parents picked her up, at which time she reported to them that she had terrible headaches.

30. On July 1, 2013, Ally was evaluated by her pediatrician and was referred to a concussion specialist at the Cleveland Clinic.

31. Ally has been diagnosed as having suffered three concussions during her week at the camp.

32. Ally has been seen and treated by numerous health care providers, including, but not limited to the following specialists in regard to the concussions she suffered at the camp: neurologists, neuropsychologists, concussion specialists, cognitive therapists, headache specialists, and psychiatric rehabilitation.

4

33. As a result of her concussions, Ally has delayed processing speed, delayed comprehension, reduced visual/motor integration, delayed visual scanning abilities, inattention, impulsivity disorders, headaches, bouts of dizziness, extreme fatigue, and other permanent injuries, as well as other physical and emotional injuries.

## COUNT 1: NEGLIGENCE, GROSS NEGLIGENCE, AND /OR WILLFUL AND WANTON MISCONDUCT – GLEN

34. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Glen and/or Campgroup LLC owed duties to Ally in its role as owner and operator of the camp, including the duties to act reasonably, carefully, and prudently so as to protect Ally from unreasonably dangerous conditions while on Glen's property and/or while coming into contact with Glen's employees and agents.

36. Glen's and/or Campgroup LLC also had a special relationship with all its enrolled campers, including Ally, in *loco parenti*, and thus had a higher duty to protect her from harm, especially with regard to activities which posed a risk of injury to her.

37. In the conduct of its business, Glen and/or Campgroup LLC entrusted these duties to its employees and agents, including those counselors named in this Complaint.

38. At all times relevant to this lawsuit, it was reasonably foreseeable to Glen and/or Campgroup LLC that the activities at the camp could present a risk of injury to its enrolled campers if those activities were improperly staffed, performed, monitored, outfitted, and conducted.

39. At all times relevant to this lawsuit, it was reasonably foreseeable to Glen and/or Campgroup LLC that if counselors were improperly trained, educated, or equipped to perform their job duties it could pose a risk of injury to the campers enrolled at the camp.

40. Glen and/or Campgroup LLC breached its duties owed to Ally in multiple ways, including but not limited to the following:

　　a. Negligent training of its staff in the use of watercraft and watersports activities;
　　b. Negligent training of its staff in identification of injured campers
　　c. Negligent failure to provide adequate safety measures for activities reasonably foreseeable to present a risk of injury, including but not limited to concussions.
　　d. Negligent failure to train its staff to properly report complaints made to the staff regarding campers' conditions;
　　e. Negligent failure to educate staff regarding the signs and symptoms of concussion;
　　f. Negligent failure to put in place a protocol for treatment of campers complaining of head injury;
　　g. Negligent failure properly operate a watercraft in a safe and prudent manner;
　　h. Negligent failure to properly outfit and equip campers with safety equipment for activities available at the camp;
　　i. Negligent failure to educate campers regarding the foreseeable risks of activities available at the camp; and,
　　j. All other acts of negligence identified during the course of discovery

41. As a direct and proximate result of Glen's and/or Campgroup, LLC's negligence, gross negligence, or willful and wanton misconduct, Ally suffered and will continue to suffer damages into the future, including but not limited to:

　　a. Traumatic Brain Injury;
　　b. Anxiety;
　　c. Depression;
　　d. Physical pain and suffering;
　　e. Mental anguish;
　　f. Fright and shock;
　　g. Denial of social pleasures and engagements;
　　h. Embarrassment, humiliation, and mortification;
　　i. Reasonable expenses of necessary medical care, treatment, and services, both in the past and in the future;
　　j. Diminished future earning capacity; and,
　　k. All other damages and injuries identified during the course of this lawsuit.

Wherefore, plaintiffs respectfully request that this Honorable Court enter judgment in Ally's favor and against Glen and/or Campgroup LLC and award costs, interest, attorney fees, and exemplary damages so wrongfully incurred.

## COUNT II: NEGLIGENCE, GROSS NEGLIGENCE, AND/OR WILLFUL AND WANTON MISCONDUCT – THE GROVE

42. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Grove and/or Campgroup LLC owed duties to Ally in its role as owner and operator of the camp, including the duties to act reasonably, carefully, and prudently so as to protect Ally from unreasonably dangerous conditions while on Grove's property and/or while coming into contact with Grove's employees and agents.

44. Grove's and/or Campgroup LLC also had a special relationship with all its enrolled campers, including Ally, in *loco parenti*, and thus had a higher duty to protect her from harm, especially with regard to activities which posed a risk of injury to her.

45. In the conduct of its business, Grove and/or Campgroup LLC entrusted these duties to its employees and agents, including those counselors named in this Complaint.

46. At all times relevant to this lawsuit, it was reasonably foreseeable to Grove and/or Campgroup LLC that the activities at the camp could present a risk of injury to its enrolled campers if those activities were improperly staffed, performed, monitored, outfitted, and conducted.

47. At all times relevant to this lawsuit, it was reasonably foreseeable to Grove and/or Campgroup LLC that if counselors were improperly trained, educated, or equipped to perform their job duties it could pose a risk of injury to the campers enrolled at the camp.

48. Grove and/or Campgroup LLC breached its duties owed to Ally in multiple ways, including but not limited to the following:

    a. Negligent training of its staff in the use of watercraft and watersports activities;
    b. Negligent training of its staff in identification of injured campers
    c. Negligent failure to provide adequate safety measures for activities reasonably foreseeable to present a risk of injury, including but not limited to concussions.
    d. Negligent failure to train its staff to properly report complaints made to the

7

    staff regarding campers' conditions;
- e. Negligent failure to educate staff regarding the signs and symptoms of concussion;
- f. Negligent failure to put in place a protocol for treatment of campers complaining of head injury;
- g. Negligent failure properly operate a watercraft in a safe and prudent manner;
- h. Negligent failure to properly outfit and equip campers with safety equipment for activities available at the camp;
- i. Negligent failure to educate campers regarding the foreseeable risks of activities available at the camp; and,
- j. All other acts of negligence identified during the course of discovery

49. As a direct and proximate result of Grove's and/or Campgroup, LLC's negligence, gross negligence, or willful and wanton misconduct, Ally suffered and will continue to suffer damages into the future, including but not limited to:

- a. Traumatic Brain Injury;
- b. Anxiety;
- c. Depression;
- d. Physical pain and suffering;
- e. Mental anguish;
- f. Fright and shock;
- g. Denial of social pleasures and engagements;
- h. Embarrassment, humiliation, and mortification;
- i. Reasonable expenses of necessary medical care, treatment, and services, both in the past and in the future;
- j. Diminished future earning capacity; and,
- k. All other damages and injuries identified during the course of this lawsuit.

Wherefore, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Grove, and award costs, interest, attorney fees, and exemplary damages, so wrongfully incurred.

8

Dated: July 6, 2015

Respectfully submitted,

JOHNSON LAW, PLC

By: _____
BRIAN A. MOLDE (P63790)
VEN R. JOHNSON (P39219)
Attorneys for Plaintiffs
99 Monroe NW, Suite 975
Grand Rapids, MI 49503
(616) 235-9400

## DEMAND FOR JURY TRIAL

Plaintiff, Jodi Marchewitz, as next friend of her daughter, Alexandra Marchewitz, a minor, by and through her attorneys, Johnson Law, PLC, hereby demands a trial by jury.

Dated: July 6, 2015

Respectfully submitted,

JOHNSON LAW, PLC

By: _____
BRIAN A. MOLDE (P63790)
VEN R. JOHNSON (P39219)
Attorneys for Plaintiffs
99 Monroe NW, Suite 975
Grand Rapids, MI 49503
(616) 235-9400

TRUE COPY

AUG 0 6 2015

TINA LEARY
Van Buren County Clerk