UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI MARCHEWITZ, as Next Friend
of A.M., a minor,

    Plaintiff,

v.

CAMPGROUP, LLC, d/b/a THE GLEN
AT LAKE OF THE WOODS CAMP FOR
GIRLS, d/b/a THE GROVE AT LAKE
OF THE WOODS CAMP FOR BOYS,

    Defendants.
_____/

Hon. Robert J. Jonker

Case No. 1:15-cv-00934-RJJ-PJG

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on defendants' petition for attorneys' fees and expenses (ECF No. 89), relating to their successful motion to compel discovery. (ECF No. 76). Plaintiff opposes the petition. (ECF No. 91). Having considered the parties' submissions, and for the reasons articulated below, plaintiff's petition will be granted in part and denied in part.

**Procedural History**

    Plaintiff's compliance with her discovery obligations and the federal rules has been checkered, to say the least. On July 6, 2015, plaintiff filed this matter in Van Buren County on behalf of her daughter, seeking damages for injuries her daughter allegedly sustained in 2013 while riding an inner tube at a summer camp. (Summons

and Complaint, ECF No. 1-2). Defendants removed the case to this Court on September 14, 2015, based on diversity of citizenship. (ECF No. 1). Defendants answered the complaint on September 18, 2015. (ECF No. 6). A scheduling conference was held on November 23, 2015 (Amended Minutes, ECF No. 13). A Case Management Order issued the next day, setting a January 24, 2017, trial date and a July 31, 2016, discovery deadline. (Amended Case Management Order, ECF No. 16).

In February 2016, defendants filed a motion to compel plaintiff to respond to interrogatories and document requests. (ECF No. 25, 34 (corrected motion)). That motion was filed after plaintiff failed to provide any response to defendants' discovery requests. (*See* ECF No. 34, PageID.168). Repeated efforts by defense counsel to obtain compliance were unsuccessful. (*See id.*, PageID.168-69). Plaintiff also failed to respond to the motion to compel. After a hearing on the motion, the Court granted the motion to compel (ECF No. 36), and it later awarded $1,000.00 in costs to defendants (Amend. Stip. Order, ECF No. 41).

On June 16, 2016, defendants moved to compel plaintiff's minor, A.M., to appear for a neurological evaluation. (ECF No. 55). Six weeks after agreeing to appear for the examination on a pre-arranged date (July 11, 2016), plaintiff notified defendants of her intent to cancel the examination due to her plans to attend a summer camp. (*See id.*, PageID.347-48). Plaintiff's effort to cancel the examination jeopardized the parties' ability to meet the Court's July 31, 2016, deadline for participating in Alternative Dispute Resolution (ADR). (*See id.*, PageID.348; *see also* Amended Case Management

Order, ECF No. 52). After the Court noticed a hearing on the motion (ECF No. 58), plaintiff stipulated to the relief sought (*see* Stip. Order, ECF No. 60).

On October 11, 2016, defendants filed a third motion to compel, this time seeking responses to their fourth request for production of documents; defendants also sought, in the alternative, a dismissal of the case due to plaintiff's repeated violations of her discovery obligations. (ECF No. 74, 76).[1] Plaintiff failed to file a timely response. Her untimely response, filed on the eve of the hearing, was stricken. (*See* Order, ECF No. 82). On November 10, 2016, after conducting a hearing on the motion, the Court granted the motion to compel. (ECF No. 83). The Court also ordered plaintiff's counsel to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). (*Id.*, PageID.687).

Plaintiff's counsel filed his response to the show-cause order on November 17, 2016. (ECF No. 87). The undersigned judicial officer finds counsel's explanations wanting. Nevertheless, and in light of Chief Judge Robert J. Jonker's Order granting summary judgment in favor of defendants (ECF No. 92; *see also* Judgment, ECF No. 93), the show-cause order will be discharged.[2]

---

[1]Defendants filed their motion on October 11, 2016. (ECF No. 74). They filed a corrected version on October 13, 2016, to "clarify" that plaintiff had answered requests for admission, albeit untimely. (*See* ECF No. 76, PageID.493 n.1).

[2]Chief Judge Jonker sanctioned plaintiff's counsel for failing to engage in the meet and confer process and for failing to respond to defendants' motion for partial summary judgment. (ECF No. 94),

On November 22, 2016, defendants filed the instant petition for attorneys' fees and expenses. (ECF No. 89). They seek reimbursement for $3,902.50 in attorney's fees and $154.04 in costs. (*See id.*, PageID.813-14). Plaintiff counters that defendants failed to exhaust "good faith" efforts to obtain the requested documents without Court intervention and, in the alternative, that the amount of fees requested is excessive. (*See* ECF No. 91, PageID.830-31).

## Discussion

The basis for awarding reasonable attorney's fees and expenses is found in Rule 37(a)(5)(A), which provides, in pertinent part: "If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis supplied). There are only three exceptions to this mandate: (1) if the movant failed to make a good faith effort to obtain the discovery before filing the motion; (2) the opposing party's discovery responses were substantially justified; and (3) if "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i-iii).

Plaintiff cites only to the first exception in her response to the fee petition. (*See* ECF No. 91, PageID.830). She asserts that defendants failed to exhaust good faith efforts to obtain the discovery without Court intervention. (*Id.*, PageID.830-31). Plaintiff's counsel cites to an email he sent defense counsel at 2:03 p.m. on October 11, 2016, in which plaintiff's counsel stated:

> I have asked [plaintiff] to look for any documents that would be responsive to your fourth requests to produce. She has told me that she had no text messages, because those are automatically deleted from her phone. She is going through emails in an attempt to locate what you've asked for. I expect that we will have an answer and responsive materials today or tomorrow.

(ECF No. 91-1). Plaintiff's counsel does not indicate the date in which he had asked plaintiff to conduct the search for responsive documents. As of the October 11 email, plaintiff's response to the document requests was already two weeks overdue. (*See* ECF No. 74, PageID.457).

Moreover, plaintiff's counsel ignores the fact that defense counsel contacted him by email four days earlier, on October 7, 2016, seeking the document responses that were overdue, and advising plaintiff's counsel of the need to file a motion to compel if responses were not forthcoming "within 48 hours." (ECF No. 74-4, PageID.478). As of the time of the filing of the motion to compel, defense counsel had not received any response to the October 7 email. (*See* ECF No. 74, PageID.457). As noted in defense counsel's response, plaintiff counsel's October 11 email was "too little too late," as plaintiff's offer to produce the documents came after the motion to compel "was ready to be filed." (ECF No. 91-1, PageID.833).[3] Defense counsel also noted that he had "no confidence" in plaintiff's willingness to provide all responsive documents. (*Id.*).

Given plaintiff's track record in this case, the Court notes that defense counsel's concerns were well founded. Accordingly, while defense counsel could have allowed

---

[3] Defense counsel's email indicates it was sent at 2:13 p.m. on October 11. (*See* ECF No. 91-1, PageID.833). The motion to compel had already been filed two minutes earlier. (*See* CM/ECF Receipt, ECF No. 74).

-5-

plaintiff more time to comply with her discovery obligations regarding the fourth document requests, it was not unreasonable to assume that it would prove fruitless as was the case with previous discovery requests. Under the circumstances of this case, the Court finds that defendants met their obligations under Rule 37(a)(5)(A)(i).

Having found a sufficient basis for awarding expenses, the only remaining issue is the reasonableness of the fees and costs sought. The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010).

### The Reasonable Hourly Rate

The Court begins this analysis by determining a reasonable hourly rate. "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). There is a presumption in favor of the community market rates. *See, e.g., Blum*, 465 U.S. at 895 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.'" (quoting *Blum*, 465 U.S. at 895)) (emphasis in *Adcock-*

*Ladd*); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986) ("We . . . apply the principle that hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question."). The so-called "community market rule" has the "principle virtue of being the easiest way to cope with the 'inherently problematic' task of ascertaining a reasonable fee in a situation where 'wide variations in skill and reputation render the usual laws of supply and demand inapplicable[.]'" *Hadix*, 65 F.3d at 536 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Having determined that the community market rule applies here, the next step is determining the prevailing market rate in the Grand Rapids, Michigan, area. In order to determine the local market rate, a court should rely on a combination of its own expertise and judgment. *Garber v. Shiner Enterprises, Inc.*, No. 1:06-cv-646, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 2007) (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93, 2007 WL 1601747, *6 (M.D. Fla. June 1, 2007)). The Court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates. *See Garber*, 2007 WL 4557857 at *1 (citing *Educ. Career Dev., Inc.*, 2007 WL 1601747 at *3). Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. *See Payton v. New Century Mortgage Corp.*, Nos. 03 c 333, 03 c 703, 2004 WL 524693, at *2 (N.D. Ill. Mar.11, 2004).

Defendants' counsel, who is based in Farmington Hills, Michigan, asks the Court to award an hourly rate of $175.00. (ECF No. 89, PageID.813). This rate is well within

what is charged by attorneys in the Grand Rapids area. According to the most recent edition of the State Bar of Michigan's Economics of Law Practice in Michigan, which includes reported billing rates throughout Michigan, the "median" hourly rate for a Grand Rapids area attorney is $280.00. (*See* www.michbar.org/file/pmrc/articles/ 0000151.pdf (published July 2014) (Table 6) (last accessed Dec. 7, 2016)). This is an acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)). "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *Wells*, 683 F. Supp.2d at 603 (citing *O'Connor*, 2008 WL 4910670, at *5 and *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)). Informed with the information from the State Bar, it is the Court's judgment that the requested hourly rate of $175.00 is reasonable.

**Hours Reasonably Expended**

The next inquiry addresses the number of hours claimed. In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). The party seeking an award of attorneys' fees has the burden of proving the number

of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433; *see Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

Plaintiff seeks a total of 22.3 hours for worked regarding the discovery process and the motion to compel, including 6.5 hours of travel and court time relating to the hearing on the motion. (*See* ECF No. 89-1, PageID.816-17). Plaintiff fails, however, to provide sufficient detail to determine whether the work referenced in many of the entries was necessary to the motion. For example, entries note email correspondence, "receipt and review" of court orders, and phone conferences with the Court's Case Manager. This falls well short of defendants' burden. *See United Slate, Tile & Composition Roofers Ass'n, Local 307*, 732 F.2d at 502 n.2. The entries also include time drafting a reply brief objecting to the untimeliness of plaintiff's response (ECF No. 81), which was unnecessary to the motion.

Having reviewed the motion to compel, the Court has determined that an experienced attorney should have been able to draft, revise, and file the motion within six hours time. The Court accepts defense counsel's representation that she expended 6.5 hours travel and court time for appearing at the November 10, 2016, hearing on the motion to compel. (*See* Minutes, ECF No. 84 (the hearing itself lasted an hour)). The Court finds that 1.5 hours is reasonable for preparing and filing the fee petition. Accordingly, the Court will award fees based on fourteen hours. This results in a fee award of $2,450.00.

The requested costs total $154.04, which includes mileage reimbursement and a parking fee. (ECF No. 89-1, PageID.817). Like fees, an award for costs must be

limited to that reasonably necessary to the motion. *See* FED. R. CIV. P. 37(a)(5)(A). The costs are reasonable. Accordingly, costs in the amount of $154.04 will be awarded to plaintiff.

## Conclusion

For the reasons set forth herein, defendants' petition for attorneys' fees and costs (ECF No. 89) is **GRANTED in part** and **DENIED in part**. It is **ORDERED** that plaintiff shall pay defendants $2,604.04 in fees and costs no later than **December 30, 2016**.

Also, for the reasons set forth herein, the Court's Show-Cause Order of November 10, 2016, is hereby **DISCHARGED**.

**IT IS SO ORDERED**.


Date: December 16, 2016              /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge